IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EZEQUIEL CABRERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 15-2615-JAR-GLR |
| PERCEPTIVE SOFTWARE, ) | |
| LLC, et al., ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Ezequiel Cabrera brings this action alleging unlawful employment practices in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA")[1] and the Family and Medical Leave Act ("FMLA").[2] This matter comes before the Court on Plaintiff's Motion to Proceed as a Veteran (ECF 3). Plaintiff requests an order under USERRA, specifically 38 U.S.C. § 4323(h)(1), waiving the filing fee in this action. In support of his motion, he states that he raises a cause of action under the USERRA and that he has been a member of the "uniformed services" as defined in USERRA.

Congress enacted USERRA to "prohibit discrimination against persons because of their service in the uniformed services."[3] The statute is therefore liberally construed in favor of veterans who seek its protections.[4] The term "service in the uniformed services" is defined to mean:

---

[1] 38 U.S.C. § 4301, *et seq.*

[2] 29 U.S.C. § 2601, *et seq.*

[3] 38 U.S.C. § 4301(a)(3).

[4] *Ragland v. Univ. of Kan. Hosp.*, No. 08-2379-EFM, 2009 WL 270231 (D. Kan. Feb. 4, 2009) (citing *Davis v. Advocate Health Ctr. Patient Care Express*, 523 F.3d 681, 683–84 (7th Cir. 2008)).

performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes active duty, active duty for training, initial active duty for training, inactive duty training, full-time National Guard duty, a period for which a person is absent from a position of employment for the purpose of an examination to determine the fitness of the person to perform any such duty.[5]

Plaintiff has filed an affidavit establishing his service in the uniformed services.[6]

Pertinent to the current motion, the legislation's broad remedial scheme includes USERRA's provision that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter."[7] The phrase "fees or court costs" has been interpreted to include normal litigation costs such as filing fees.[8] In the seminal USERRA filing fee case, *Davis v. Advocate Health Center Patient Care Express*,[9] the Seventh Circuit construed 38 U.S.C. § 4323(h)(1) to exempt a plaintiff from the necessity of paying a filing fee. In *Davis*, the Seventh Circuit rejected the district court's ruling that USERRA's bar against fees and costs did not encompass filing fees to initiate litigation.[10] The Seventh Circuit based its ruling on the fact that USERRA was enacted in order to "prohibit discrimination against persons because of their service in the uniformed service," and as such the statute should be construed "liberally in favor of veterans seeking its protections."[11]

---

[5] 38 U.S.C. § 4303(13).

[6] ECF 3–1.

[7] 38 U.S.C. § 4323(h)(1).

[8] *See Davis*, 523 F.3d at 685 (holding that 38 U.S.C. § 4323(h)(1) permits a USERRA litigant to initiate suit without prepaying the filing fee); *Ragland*, 2009 WL 270231, at *1 (granting motion for refund of filing fee).

[9] 523 F.3d at 684-85.

[10] *Id.* at 683.

[11] *Id.* at 683-84 (quotations and citations omitted).

The *Davis* court further noted that initial filing fees are plainly the type of fees contemplated, for example, by 28 U.S.C. § 1920, and therefore, the "fees" or "court costs" referred to in § 4323(h) should encompass initial filing fees.[12]

Here, the Court finds that Plaintiff was a qualified member of the "uniformed services" as defined in USERRA. The Court also finds that Plaintiff has asserted claims for violations under USERRA in Count I of his Complaint. The Court is aware that there is a pending motion to dismiss Count I of Plaintiff's Complaint (ECF 4). However, this Court has previously held that dismissal does not affect a plaintiff's rights under the statute, noting that USERRA is "broadly written and forbids charging *any* fees and court costs, not just those awarded to a successful opponent. It says nothing about prevailing defendants or losing plaintiffs at all."[13] Like the courts in the *Davis* and *Ragland* cases, the Court here finds that the phrase "fees or court costs" in 38 U.S.C. § 4323(h)(1) includes normal litigation costs such as the filing fee. The Court therefore finds that the Plaintiff's motion should be granted.

**IT IS THEREFORE ORDERED THAT** Plaintiff Ezequiel Cabrera's Motion to Proceed as a Veteran (ECF 3) is granted. The Court hereby waives the filing fee in this action under 38 U.S.C. § 4323(h)(1). Plaintiff may proceed with this case without prepayment of the $400 filing fee pursuant to § 4323(h)(1).

Dated in Kansas City, Kansas on this 27th day of March, 2015.

S/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

---

[12]*Id*. at 684.

[13]*Ragland*, 2009 WL 270231 at *1 (quoting *Davis*, 523 F.3d at 684).