### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**EZEQUIEL CABRERA,**

    **Plaintiff,**

    v.

**PERCEPTIVE SOFTWARE, LLC, ET AL.,**

    **Defendants.**

Case No. 15-CV-2615-JAR

### MEMORANDUM AND ORDER

Plaintiff Ezequiel Cabrera brings this action against his former employer, Perceptive Software, LLC, its parent company, Lexmark International, Inc., and three individual corporate officers of Defendant Perceptive Software ("Perceptive"), Scott T.R. Coons, Cary D. DeCamp, and Brent E. Flanders. Plaintiff alleges violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA")[1] and the Family and Medical Leave Act ("FMLA").[2] Specifically, Plaintiff alleges that Defendants violated USERRA when he was not hired after a series of interviews in 2004 because of his military obligations, and when he returned from active duty in 2006 and was given a lower-paying job than the one he originally sought. He further alleges that Defendants interfered with his rights under FMLA when they required him to work while he was injured and by pursuing disciplinary action against him due to his injury-related absence. Plaintiff also alleges that Defendants retaliated against him for attempting to assert his rights under FMLA by terminating his employment in September 2014.

Defendants have moved to dismiss Count One of Plaintiff's Complaint (Doc. 5), arguing that his USERRA claim is time-barred because it is subject to a four-year statute of limitations

---

[1] 38 U.S.C. § 4301, *et seq.*

[2] 29 U.S.C. § 2601, *et seq.*

under 28 U.S.C. §1658(a). For the reasons below, the Court finds that Plaintiff's USERRA claim is not time-barred and denies Defendants' motion to dismiss Count One.

## I.     Factual Background

The following facts are drawn from Plaintiff's Complaint and are assumed to be true, as required on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[3] Plaintiff began interviewing for a job with Perceptive in April 2004, completing two rounds of interviews with the company. After the second interview, Plaintiff was notified that he was being called for active duty and would be deployed to Iraq. He notified Perceptive, which instructed him to contact the company if he was not deployed or when he returned from active duty. It indicated to Plaintiff that his military service created a "timing issue," but noted that it would hold his resume until he returned. Plaintiff was deployed in October 2004, and served in the Army until his honorable discharge in January 2006. Plaintiff contacted Perceptive upon his return, and it hired him almost immediately. However, it had filled the team leader position Plaintiff previously sought, and instead hired him for a team member position, a lower-paying position with lower seniority. Plaintiff began working at Perceptive in March 2006, and worked there until September 2014.

Plaintiff was terminated in 2014 after missing work due to a head injury he sustained while out of town for a friend's funeral. His supervisor requested that he work remotely while away for the funeral, which he was unable to do because of the injury. He was also unable to return to work when he was supposed to. Plaintiff's supervisor initiated a disciplinary action against him, and ultimately terminated his employment. Plaintiff was never given the opportunity to properly request leave under the FMLA before he was terminated.

## II.    Legal Standard

---

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level."[4] The allegations must be enough that the plaintiff plausibly has a claim for relief.[5] As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6] "[A] statute of limitations bar is an affirmative defense, [but] it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'"[7]

Defendants argue that Plaintiff's USERRA claim based on Perceptive's failure to hire him in 2004 is barred because it accrued in April 2004, when the four-year federal statute of limitations pursuant to 28 U.S.C. § 1658(a) was applicable to USERRA claims. They acknowledge that after October 10, 2008, the statute of limitations for USERRA claims was eliminated with the passage of the Veterans' Benefits Improvement Act ("VBIA"),[8] but argue that the VBIA only affected claims that accrued after October 10, 2008. Defendants emphasize that the VBIA is not retroactive and may not be used "to revive[] a moribund cause of action."[9] They further argue that Plaintiff's March 2006 claim based on being hired to a lower position is

---

[4] *Twombly*, 550 U.S. at 555.

[5] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[7] *Radloff-Francis v. Wyoming Med. Ctr., Inc.*, 524 F. App'x 411, 413 (10th Cir. 2013) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

[8] 38 U.S.C. § 4327(b).

[9] *Middleton v. City of Chicago*, 578 F.3d 655 (7th Cir. 2009).

3

also time-barred because it is merely a consequence of the earlier violation when Plaintiff was not hired, rather than a new violation.

### A. The Servicemembers Civil Relief Act Tolls the Statute of Limitations

Plaintiff disputes that his USERRA claims are time-barred. He argues that the Servicemembers Civil Relief Act ("SCRA") [10] tolls the statute of limitations on his 2004 claim until January 2006, when Plaintiff was discharged from his military service. Defendants contend that Plaintiff's military service does not comport with the SCRA and it does not toll the statute of limitations for his USERRA claim. The Court disagrees. The SCRA provides that "[t]he period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court . . . by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns."[11] Under the statute, "military service" for members of the Army, Navy, Air Force, Marine Corps., or Coast Guard means active duty,[12] which is defined as "full-time duty in the active military service of the United States."[13] "The term 'period of military service' means the period beginning on the date on which a servicemember enters military service and ending on the date on which the servicemember is released from military service or dies while in military service."[14]

The purpose of the tolling provision in the SCRA is to allow members of the armed forces to "devote their entire energy to the defense needs of the Nation."[15] Based on the

---

[10] 50 App. U.S.C. § 526(a).

[11] *Id.*

[12] 50 App. U.S.C. § 511(2)(A)(i).

[13] 10 U.S.C. §101(d)(1).

[14] 50 App. U.S.C. § 511(3).

[15] *Gorman v. City of Olathe*, No. 13-2246-RDR, 2013 WL 5930368, at *6 (D. Kan. Nov. 5, 2013).

language in the statute, and with that purpose in mind, it is clear that Plaintiff's period of active duty fits squarely with the "military service" contemplated by Congress during which a limitations period tolls. Defendants' assertion that Plaintiff's service does not count because he failed to specify the dates he was overseas is incorrect. Courts have not treated "military service" under the SCRA as the equivalent of deployment; rather, it is the equivalent of active duty, which is defined more broadly than deployment. For example, even a servicemember who was in military confinement on a military base and accused of law violations was considered to be on active duty for the purposes of the SCRA, because he had not yet been discharged from the military.[16] Plaintiff's period of active duty, from October 2004 until his discharge in January 2006, therefore constitutes "military service" for the purposes of the SCRA and the Court finds that the statute of limitations on his USERRA claim was tolled during that period of time. Even if Plaintiff's USERRA claim accrued in April 2004 when he began the interview process, as Defendant contends, tolling the statute of limitations from October 2004 to January 2006 would cause his claims to expire around June 2009, after the VBIA eliminated the limitations period.

### B. The VBIA Eliminates the Limitations Period on Plaintiff's USERRA Claims

Courts generally have determined that the four-year statute of limitations provided for in § 1658 applies to USERRA claims that accrued and expired before October 10, 2008. On that date, the VBIA was enacted to eliminate any limitations period for USERRA claims. As Defendants note, numerous district courts and the Seventh Circuit have determined that the VBIA does not apply retroactively to revive those USERRA claims that expired before its passage. Defendants primarily rely on *Middleton v. City of Chicago*,[17] a Seventh Circuit case, in

---

[16] *Lowe v. United States*, 79 Fed. Cl. 218, 226-27 (2007).

[17] 578 F.3d 655 (7th Cir. 2009).

which the plaintiff sued the city of Chicago in 2007 for failing to hire him in 1994 because of his military service.[18] His claim was dismissed in June 2008 as time-barred by the four-year statute of limitations provided by § 1658(a), and he filed an appeal.[19] While his appeal was pending, Congress enacted the VBIA eliminating the limitations period for USERRA claims.[20] On appeal, the Seventh Circuit addressed the questions of whether § 1658(a) barred Middleton's claim, and whether the VBIA's elimination of the statute of limitations applied retroactively to revive his claim.[21] The court determined that § 1658(a) applied to the claim and the VBIA was not retroactive, so it could not revive his expired claim.[22] Other circuits and district courts around the country have similarly decided that the VBIA does not retroactively revive USERRA claims that were already expired in October 2008.[23]

This case presents a distinct question from *Middleton* and the other cases on which Defendants rely. Rather than raising a question of retroactivity, the relevant question here is whether the VBIA's elimination of the limitations period applies to claims that accrued before October 10, 2008, but that had not yet expired by that date. Plaintiff's USERRA claims accrued before the passage of the VBIA, but because the SCRA tolled the statute of limitations, it had not expired in October 2008 when the VBIA eliminated the limitations period altogether.

---

[18] *Id.* at 657.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.* at 662, 665.

[23] *See Baldwin v. City of Greensboro*, 714 F.3d 828, 837 (4th Cir. 2013); *Moore v. United Air Lines, Inc.*, No. 10-CV-02100-WYD-CBS, 2011 WL 2144629, at *6 (D. Colo. May 31, 2011); *Roark v. Lee Co.*, No. 3:09-0402, 2009 WL 4041691, at *5 (M.D. Tenn. Nov. 20, 2009).

The Tenth Circuit has not addressed this question, so the Court looks to other jurisdictions for guidance. Other courts faced with this question have determined that the VBIA does eliminate the limitations period for "live" claims that accrued before October 2008 but were not yet expired at that time. For example, in *Andritzky v. Concordia University Chicago*,[24] the court determined that USERRA claims that accrued in December 2004 were not time-barred because they were still timely when the VBIA was enacted.[25] By contrast, claims that had already expired when the VBIA was enacted were time-barred, in keeping with *Middleton* and the presumption against retroactivity.[26] Similarly, the court in *Goodman v. City of New York*[27] held that the statute of limitations did not bar the plaintiff's USERRA claim, which accrued before the enactment of the VBIA but had not yet expired.[28] The court distinguished the case from *Middleton* and determined that this outcome did not have an impermissible retroactive effect because there was no "'resurrection of previously time-barred claims.'"[29]

Similarly, the application of the VBIA to Plaintiff's claims here does not create a problem of retroactivity because Plaintiff's claims were not yet time-barred when the VBIA was enacted. As in *Andritzky*, "[a]pplication of VBIA would not deprive defendants of an affirmative defense because any claims based on the . . . action were timely at VBIA's enactment."[30]

---

[24] No. 09 C 6633, 2010 WL 1474582 (N.D. Ill. Apr. 8, 2010).

[25] *Id.* at *5.

[26] *Id.*

[27] Nos. 10 Civ. 5236(RJS), 11 Civ. 3432(RJS), 2011 WL 4469513 (S.D.N.Y. Sept. 26, 2011).

[28] *Id.* at *7-*8.

[29] *Id.* at *8 (quoting *In re Enter. Mortg. Acceptance Co. Sec. Litig.*, 391 F.3d 401, 410 (2d Cir. 2004)).

[30] *Andritzky*, 2010 WL 1474582, at *5.

Therefore, Plaintiff's USERRA claims are not time-barred because the enactment of the VBIA eliminated the limitations period for Plaintiff's claims before those claims became untimely.

### C. Plaintiff's March 2006 Hiring

Defendants argue that Plaintiff's USERRA claim for his March 2006 hiring was merely a consequence of the alleged discrimination that took place in April 2004, and is thus time-barred along with the earlier claim. They argue in the alternative that Plaintiff's claim arising out of the March 2006 hiring is not independently actionable because he cannot demonstrate discriminatory intent on Defendants' part for hiring him to a lower position.

Because the Court has determined that the 2004 claim is not time-barred, neither is the 2006 claim time-barred, regardless of whether it is a continuation of the 2004 discrimination or a separate instance of discrimination. Furthermore, the USERRA statute clearly forbids discrimination motivated by an individual's military service.[31] Although there is little precedent interpreting USERRA, courts including the Tenth Circuit have recognized that "military status is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that consideration."[32] USERRA is liberally construed "for the benefit of those who left private life to serve their country."[33] For example, where an individual was employed and his or her employment was interrupted by military service, that individual is entitled to be reemployed in "a position of like seniority, status, and pay, the duties of which the person is

---

[31] 38 U.S.C. § 4311 ("An employer shall be considered to have engaged in actions prohibited . . . if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action . . . .").

[32] *Lewis v. Rite of Passage, Inc.*, 217 F. App'x 785, 786 (10th Cir. 2007) (quoting *Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231, 1238 (11th Cir. 2005)).

[33] *Duarte v. Agilent Techs., Inc.*, 366 F. Supp. 2d 1039, 1045 (D. Colo. 2005) (citing *Alabama Power Co. v. Davis*, 431 U.S. 581, 584 (1977)).

qualified to perform."[34]  Likewise, it is apparent here that Plaintiff would have been hired to a team leader position if not for the timing of his deployment.  Therefore, Plaintiff's hiring to a lower position upon his return was sufficiently motivated by his military service such that the 2006 action constitutes a valid claim under USERRA even if it is not a continuation of the 2004 discrimination.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Count One of Plaintiff's Complaint (Doc. 5) is denied.

**IT IS SO ORDERED.**

Dated: December 2, 2015

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[34] *Id.*